**Opinion issued August 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00822-CR

———————————

**WEYLIN ALFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1404673**

## MEMORANDUM OPINION

A jury convicted appellant Weylin Alford of the felony offense of burglary of a habitation with intent to commit assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). After finding an enhancement paragraph to be true, the

jury assessed appellant's punishment at thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.42(b) (West Supp. 2014). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues, among other things, that the evidence is insufficient to support his conviction, he received ineffective assistance of counsel, the State failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 183 S. Ct. 1194 (1963) and the trial court abused its discretion when it denied several of appellant's pretrial motions and prevented him from introducing the police report into evidence. Appellant further contends that the trial court

violated his constitutional rights when it terminated appellant's self-representation and appointed counsel to represent him and ordered appellant shackled for the remainder of trial.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Glenn J. Youngblood must immediately send appellant the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

required notice and file a copy of the notice with the Clerk of this Court. *See* TEX.

R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).